Case 9:09-ap-01039-RR   Doc 1   Filed 02/27/09   Entered 02/27/09 10:30:58   Desc
Main Document      Page 1 of 7

Patricia M. Scoles, Esq., SBN 137049
LAW OFFICES OF PATRICIA M. SCOLES
1104 Vine Street, Suite B
Paso Robles, CA 93446
Telephone: (805) 227-7184
Facsimile: (805) 227-7186

FILED
FEB 27 2009
CLERK U.S. BANKRUPTCY
CENTRAL DISTRICT OF CALIF.
BY:             Deputy

Attorneys for Plaintiffs,
BRAD CLARK, WILLIAM F. MONTGOMERY
JACK AND NORMA CROW, EDWARD AND BETTY PEAKE,
TOM AND VIRGINIA PARSONS, JOHN AND ALLISON STEPHENSON
DON AND LORRAINE FRANSEN

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DISTRICT

| | |
|---|---|
| In re<br><br>Anthony Charles Gaspar<br>and<br>Kimberly Sue Gaspar<br><br>Debtors | Case No.: 9:08-bk-12769-RR<br><br>Adv. Proc.No.<br><br>Chapter 7<br><br>COMPLAINT TO SEEKING EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. §523 (a)(2) |
| BRAD CLARK, WILLIAM MONTGOMERY, JACK CASIMIR and NORMA R. CROW, EDWARD H. and BETTY J. PEAKE, THOMAS R. and VIRGINIA B. PARSONS, JOHN and ALISON STEPHENSON DONALD S. and LORRAINE A. FRANSEN; AND ROES 1 THROUGH 50<br><br>Plaintiffs,<br><br>vs.<br><br>ANTHONY CHARLES GASPAR AND JENNIFER ANN GASPAR<br><br>Defendants. | |

COMPLAINT SEEKING EXEMPTION TO DISCHARGE - 1

COMES NOW, Plaintiffs BRAD CLARK, WILLIAM MONTGOMERY, JACK CASIMIR and NORMA R. CROW, EDWARD H. and BETTY J. PEAKE, THOMAS R and VIRGINIA B. PARSONS, JOHN and ALISON STEPHENSON, DONALD S. and LORRAINE A. FRANSEN, who for cause of action against Defendants, and each of them, allege as follows:

1. Defendants, ANTHONY CHARLES GASPAR and JENNIFER ANN GASPAR, are upon information and belief, husband and wife who are residents of the County of San Luis Obispo, State of California and debtors in the above titled bankruptcy case.

2. This court has jurisdiction over this adversary proceeding under 11 U.S.C. §523(a)(2)(A) and under 28 U.S.C. §1334.

3. Plaintiffs and each of them are and at all times herein mentioned were adult residents of the County of San Luis Obispo, State of California.

4. Plaintiffs named as Roes one through fifty, are persons who are believed to have an interest or potential interest in the action herein and are, as yet unknown to the named plaintiffs herein. This complaint shall be amended to name such additional plaintiffs at the time the names and capacities of such additional plaintiffs are determined.

5. The property that is the subject to the loans and security interests of plaintiffs herein is located at 5980 Black Tail Place, Paso Robles, California, with the San Luis Obispo County Assessor's Parcel Number 015-144-032, more particularly described as follows:

> THE WEST 2/3 OF LOT 78 OF TRACT NO. 3, IN THE COUNTY OF SAN LUIS OBISPO, STATE OF CALIFORNIA, ACCORDING TO MAP RECORDED OCTOBER 30, 1931 IN BOOK 5, PAGE 27 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

(hereinafter referred to as "SUBJECT PROPERTY").

6. Plaintiffs are informed and believe and thereon allege that each Defendant was the agent and/or employee of each of the remaining Defendants and that each was acting at all times

within the course and scope of such agency and/or employment.

## FIRST CAUSE OF ACTION TO

## DETERMINE DEBT NONDISCHARGEABLE

## DUE TO FALSE PRETENSES, FALSE REPRESENTATION

## OR ACTUAL FRAUD UNDER 11 U.S.C. 523 (A)(2)

Those plaintiffs named herein and such plaintiffs as named fictitiously as Roes 1-50, inclusive, allege as a cause of action against defendants, and each of them the following:

6. On February 3, 2006, defendants, ANTHONY and KIMBERLY GASPAR, represented to plaintiffs that if they loaned them the amount of $450,000 with interest at the rate of 13% per annum for construction of a structure upon the Subject Property that they would pay in full not later than February 9, 2007. Of the $450,000 only $255,000 was funded. The promissory note documenting the loan was secured by a deed of trust on the Subject Property.

7. Pursuant to the terms of the promissory note, if any installment is delinquent for more that 10 days, a late charge in the amount of 10% of the then due installment is added.

8. Under the terms of the note and the deed of trust, defendants promised to pay attorney's fees in any action brought to enforce the note and the deed of trust as fixed by the Court.

9. Plaintiffs allege the following facts constitute the false pretenses, false representation or actual fraud under 11 U.S.C. 523 (a) (2).

10. That in submitting the initial loan application plaintiffs represented that their net worth and their annual income from construction and other businesses was sufficient to repay plaintiffs for the loan including interest and costs. They further represented that the loan funds were to be used to perform construction and build a structure on the Subject Property.

11. The representations made by defendants were in fact false. The true facts were that the defendants did not have sufficient income or net worth to pay back the construction loan. Defendants did not disclose all outstanding liabilities as required by the loan application. In addition they did not disclose various other construction loans that were either pending or in the process of lending when the application was completed and executed by defendants.

12. The representations made by defendants regarding where the funds were going was also false. The funds were used to pay for work done on the defendants private home.

13. When defendants made these representations they knew them to be false and made these representations with the intention to deceive and defraud plaintiffs and to induce plaintiffs to act in reliance on these representations in the manner hereafter alleged, or with the expectation that plaintiffs would so act.

14. Plaintiffs, at the time these representations were made by defendants were ignorant of the falsity of the representations and believed them to be true. In reliance on these representations, plaintiffs were induced to lend $255,000 to defendants in exchange for fractional interests in the Subject Property. Had plaintiffs known the actual facts, they would not have taken such action. Plaintiffs' reliance on the representations was justified because defendants represented their experience in the field of construction. Plaintiffs further had no reason to suspect that they were attempting to deceive and defraud plaintiffs in an effort to induce plaintiffs to invest money with defendants.

15. Defendants have defaulted under the terms of the note, in that plaintiffs have not received interest payments since August 22, 2007. Defendants, and each of them, have failed and refused and continues to fail and refuse, to make the payments of principal and interest due.

16. The value of the subject property has decreased such that it lacks adequate security.

17. As a proximate result of the fraudulent misrepresentations made by defendants as herein alleged, plaintiffs were induced to invest $255,000 which loan is unpaid and has been in default since August of 2007 and which lacks adequate security, by reason of which plaintiffs have been damaged in a sum in excess of $255,000 according to proof at trial.

**PRAYER**

1. On the first cause of action a judgment that the entire debt owed to plaintiffs in the sum of $255,000 plus accrued interest, late fees, related costs and damages, will not receive a discharge through defendants' bankruptcy and that plaintiffs may exercise all available means to execute and collect such obligation;

2. For costs of suit herein;

3. For reasonable attorneys fees, according to contract;

4. For such other and further relief as the court may award.

DATED: February 26, 2009

LAW OFFICES OF PATRICIA M. SCOLES

Patricia M. Scoles
Attorneys for Plaintiffs, BRAD CLARK,
WILLIAM MONTGOMERY, JACK CASIMIR
and NORMA R. CROW, EDWARD H. and
BETTY J. PEAKE, THOMAS R. and VIRGINIA
B. PARSONS, JOHN and ALISON STEPHENSON
DONALD S. and LORRAINE A. FRANSEN; AND
ROES 1-50

FORM B104 (08/07)                                                                                                    2007 USBC, Central District of California

**RECEIVED FEB 27 2009 U.S. BANKRUPTCY COURT, C. DISTRICT OF CALIFORNIA**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Brad Clark, et al. | DEFENDANTS<br>Anthony Charles Gaspar and Jennifer Ann Gaspar |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Patricia M. Scoles, SBN 137049<br>1104 Vine Street, Ste B<br>Paso Robles, CA 93446 | ATTORNEYS (If Known)<br>Edwin Rambuski<br>1220 Marsh Street<br>San Luis Obispo, CA 93401 |
| PARTY (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint seeking exception to discharge pursuant to discharge pursuant to U.S.C. section 523 (a)(2)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 255,000.00 |

Other Relief Sought

FORM B104 (08/07), page 2                                                                  2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR || BANKRUPTCY CASE NO. ||
| DISTRICT IN WHICH CASE IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>2/26/09 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Patricia M. Scolos ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.